# JO-2025-CV-002611 : Allstate Vehicle and Property Insurance Company vs. Samsung Electronics America Inc

State of Kansas - Johnson County District Court

| | | | |
|---|---|---|---|
| **Case Number** | JO-2025-CV-002611 | **Plaintiff** | Allstate Vehicle and Property Insurance Company |
| **Case Type** | CV Other Tort | **Defendant** | Samsung Electronics America Inc |
| **Opened** | | **Judge** | Honorable K Christopher Jayaram (D12) - Division KCJAYARAM |
| **Status** | Active | | |

⊞ Show/Hide Participants

| **File Date** | | **Case History** |
|---|---|---|
| 10-23-2025 | 12:50:00 PM | PLE: Petition Petition |
| 10-23-2025 | 12:50:00 PM | PLE: Summons - Chapter 60 Summons |

**EXHIBIT A**

ELECTRONICALLY FILED
2025 Oct 23 PM 12:50
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2025-CV-002611
PII COMPLIANT

IN THE 10th JUDICIAL DISTRICT
DISTRICT COURT OF JOHNSON COUNTY, KANSAS

Allstate Vehicle and Property )
Insurance Company,
Plaintiff, )
V )
Samsung Electronics )
America Inc,
Defendant. )

Case No. JO-2025-CV-002611

Defendant's Name and Address:
Samsung Electronics
America Inc
c/o Registered Agent for
Samsung Electronics
America, Inc.
CT Corporation Systems
112 SW 7th Ste unit 3C
Topeka, KS 66603

Proceeding Pursuant to K.S.A. Chapter 60

## SUMMONS

To: Samsung Electronics America Inc
(Defendant's name)

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

Jennifer Poynter
(Attorney's name or Plaintiff's name)

6025 S Quebec St Ste 190
Centennial, CO 80111

(Attorney's address or Plaintiff's address)

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.

Ryan Auckly

Clerk of the District Court.

By Ryan Auckly
Clerk or Deputy

**Documents to be served with the Summons**
PLE: Petition Petition

ELECTRONICALLY FILED
2025 Oct 23 PM 12:50
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2025-CV-002611
PII COMPLIANT

**IN THE TENTH JUDICIAL DISTRICT**
**DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, an Illinois corporation, *a/s/o* Julie Aldridge, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | Division |
| SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, | ) | |
| Defendant. | ) | |

**Proceeding Pursuant to K.S.A. Chapter 60**

**PETITION**

Plaintiff Allstate Vehicle and Property Insurance Company, by and through its attorneys, Poynter Law LLC, hereby submits the following Complaint against the above-named Defendant:

1. Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate") is an Illinois corporation authorized to do business in Kansas, with a principal place of business located at 3100 Sanders Rd., Northbrook, IL 60062.

2. At all times relevant, Plaintiff Allstate provided insurance for Julie Aldridge with respect to real property located at 513 S. Locust St., Gardner, KS 66030 ("Property").

3. Defendant Samsung Electronics America, Inc. ("Samsung") is a New York corporation authorized to do business in Kansas, with a principal place of business located at 85 Challenger Rd., Ridgefield Park, NJ 07660, and a registered agent for service of process listed on the Kansas Secretary of State website as C T Corporation System, 112 SW 7th St., Ste. 3C, Topeka, KS 66603.

4. The Court has jurisdiction over the parties and subject matter herein, and venue is proper in Johnson County, Kansas as the cause of action arose in this County.

**GENERAL ALLEGATIONS**

5. On June 4, 2024, the Property belonging to Plaintiff's insureds was damaged by a fire that originated from a Samsung electric range oven, model no. NE63A6511SS ("Oven").

6. The Oven was equipped with knobs that could be activated inadvertently to turn on the stovetop burners, *e.g.*, by bumping into the knobs.

7. American National Standards Institute Standard No. ANSI Z21.1/CSA 1/1, Household Cooking Gas Appliances, effective April 1, 2017, requires that two separate operations, *e.g.*, "push and turn," are necessary for household cooking appliances to go from the "pilot" position to the "on" position.

8. A subsequent joint laboratory examination of the subject Oven was conducted on December 3, 2024.

9. The laboratory examination revealed that the subject Oven knobs could be turned with only one operation, contrary to the applicable ANSI standard for household cooking appliances.

10. Other potential causes of the fire other than inadvertent activation of the Oven knobs, were ruled out.

11. There was no electrical arcing found in the area of origin, ruling out electrical sources as a potential cause of the fire.

12. Fire and burn patterns in the Property kitchen were consistent with the fire having originated from the stovetop of the Samsung Oven, confirming the Oven as the point of origin of the fire.

13. The occupant of the Property personally witnessed the fire and confirmed the cause and origin of the fire as the Samsung Oven.

14. The fire was caused by inadvertent operation of the noncompliant Samsung Oven knobs, which activated the stovetop burners and ignited nearby combustible materials.

15. As a result of the fire, Plaintiff Allstate paid damages on behalf of its insured under a policy of insurance in place at the time of the loss and is now equitably and legally subrogated to the insured's claims against the Defendant.

**FIRST CLAIM FOR RELIEF**
**(Strict Product Liability)**

16. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

17. Defendant Samsung designed, assembled, and manufactured the Oven and was in the business of selling such ovens for use.

18. Defendant Samsung sold the Oven in a condition that was dangerously defective by virtue of having knobs that could easily be inadvertently activated with only a single operation contrary to ANSI Standard No. ANSI Z21.1/CSA 1/1, and because of the defect, the Oven was unreasonably dangerous to the Property of Plaintiff's insured.

19. The Oven was defective at the time it was sold by Defendant Samsung or left its control.

20. The Oven was expected to reach and did reach the users, including Plaintiff's insured, without substantial change in the condition in which it was sold.

21. Plaintiff's insured was a person who would reasonably be expected to use or be affected by the Oven.

22. Plaintiff's insured's Property was damaged by the fire.

23. The defect in the Oven was the cause of the fire and the damages to Plaintiff's insured's Property.

24. As a direct and proximate result of the defect in the Oven, Plaintiff sustained damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
**(Negligence)**

25. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

26. Defendant Samsung designed, assembled, and manufactured the Oven.

27. Defendant Samsung owed a duty to consumers, including Plaintiff's insured, to exercise reasonable care in designing, assembling, and testing the Oven in a manner and with components that would not create an unreasonable risk of harm to persons or property when the Oven was being used in the manner Defendant Samsung should reasonably have expected.

28. Defendant Samsung knew, or in the exercise of reasonable care should have known, that designing, assembling, and manufacturing the Oven with knobs that only required a single operation to activate, would create an unreasonable risk of the Oven knobs inadvertently activating and causing a fire.

29. At the time the Oven was designed, manufactured, and assembled, the ability to include knobs that required two operations to activate, was both known and readily available.

30. By failing to design, manufacture, and assemble the Oven in compliance with ANSI Standard No. ANSI Z21.1/CSA 1/1 with knobs that required two operations to activate, Defendant Samsung breached its duty of care and was negligent.

31. The Property of Plaintiff's insured was damaged by Defendant Samsung's negligence while the Oven was being used in the manner Defendant Samsung should reasonably have expected.

32. As a direct and proximate result of Defendant Samsung's negligence, Plaintiff sustained damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability)**

33. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

34. Defendant Samsung sold the Oven.

35. Defendant Samsung was a merchant with respect to the type of product involved.

36. The Oven was not of merchantable quality at the time of sale, by virtue of being designed, manufactured, and assembled with knobs that only required a single operation to activate.

37. Defendant Samsung failed to provide merchantable goods, as the knobs were inadvertently activated and caused a fire.

38. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant Samsung of the breach.

39. As a direct and proximate result of Defendant Samsung's breach of the implied warranty of merchantability, Plaintiff sustained damages in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness)**

40. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

41. Defendant Samsung sold the Oven.

42. Defendant Samsung impliedly warranted the Oven to be fit for the particular purpose of use as a safe kitchen appliance.

43. Plaintiff's insured was a person who was reasonably expected to use or be affected by the Oven.

44. The Oven was not fit for the particular purpose for which it was warranted by virtue of being designed, manufactured, and assembled with knobs that only required a single operation to activate, thereby creating an unreasonable risk that the knobs would activate and cause a fire.

45. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant Samsung of the breach.

46. As a direct and proximate result of Defendant Samsung's breach of the implied warranty of fitness, Plaintiff sustained damages in an amount to be proven at trial.

## DEMAND FOR RELIEF

Plaintiff prays for judgment against the Defendant as follows:

1. For compensatory damages in amounts to be determined at trial;
2. For Plaintiff's costs and expenses incurred herein;
3. For interest as allowed by law;
4. For attorneys' fees as allowed by law; and
5. For such other and further relief as the Court deems just and equitable.

Dated this 23rd day of October 2025.

Respectfully submitted,

POYNTER LAW LLC

*/s/ Jennifer A. Poynter*
Jennifer A. Poynter
Attorney for Plaintiff
Bar Registration No. 24355
6025 S. Quebec St., Ste. 190
Centennial, CO 80111
(303) 991-2229
jennifer@poynterlawllc.com

**Authority**

K.S.A. § 60-203.